# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JACQUAZ DONNELL CHERRY, #175224**                             **PLAINTIFF**

**v.**                                            **CAUSE NO. 1:18cv317-LG-RHW**

**UNKNOWN CHIASON, et al.**                                                 **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

Pro se Plaintiff Jacquaz Donnell Cherry brings this Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. According to his Complaint, Cherry is incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi. Cherry complains about the conditions of his previous confinement at the Harrison County Adult Detention Center in Gulfport, Mississippi.

A. Notice of Assignment

On October 4, 2018, the Clerk issued a Notice of Assignment (Compl. Ex. 4, ECF No. 1-4) advising Cherry that he was required to notify the Court in writing if his address changed and it also warned Cherry that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be deemed a purposeful delay and contumacious act that may result in the dismissal of this case.

B. Orders of October 9, 2018

On October 9, 2018, the Court entered two Orders in this case. The first [3] Order advised Cherry of certain provisions of the Prison Litigation Reform Act. The [3] Order directed Cherry to file an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal, within thirty days. The second [4] Order directed Cherry to file a completed *in forma pauperis* application or pay the filing fee, within thirty days. Both Orders warned Cherry that failure to timely comply or failure to keep the Court informed of his current address may lead to the dismissal of his Complaint. Cherry failed to comply with either of these Orders or otherwise contact the Court.

C. Show Cause Order of November 26, 2018

On November 26, 2018, the Court entered an [5] Order to Show Cause requiring Cherry to take the following actions on or before December 10, 2018: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with two court orders; and (2) comply with the Orders of October 9, 2018. (*See* Order 1-2, ECF No. 5.) The Order to Show Cause warned Cherry that his "**failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further written notice**." (*Id.* at 2 (emphasis in original).) The show cause Order was mailed to Cherry at the Central Mississippi Correctional Facility. On December 4, 2018, the postal service returned the envelope containing

the Order to Show Cause with the stamp "return to sender." (Returned Mail, ECF No. 6.) The envelope also contained the handwritten notation "Gone." (*Id*.) Cherry failed to comply with the Order to Show Cause or otherwise contact the Court.

## II. DISCUSSION

This Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Cherry has failed to keep this Court advised of his current address and he has failed to comply with three Court Orders. Although the [5] Order to Show Cause was returned as undeliverable, two previous [3] [4] Orders and the Clerk's Notice of Assignment were successfully delivered to Cherry. All three of these documents warned Cherry that his failure to keep the Court informed of his current address or his failure to timely comply with a Court order would result in the dismissal of this

case. (*See* Compl. Ex. 4, at 1, ECF No. 1-4; Order 2, ECF No. 3; Order 2, ECF No. 4.)

Since he filed this action on October 4, 2018, Cherry has again not contacted the Court. It is apparent to the Court that Cherry does not wish to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Docketing another show cause order would likewise be futile when Cherry has failed to provide a valid address. Dismissal without prejudice is therefore warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute this case. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of January, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE